**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kathryn Hiett, | No. CV-26-01838-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| CitiBank NA, | |
| Defendant. | |

Before the Court is Defendant Citibank NA's ("Citibank") Motion to Stay discovery pending the Court's resolution of the Motion to Compel arbitration previously filed by Citibank. (Doc. 20). Plaintiff Kathryn Hiett ("Heitt") has not opposed the Motion. Based on the reasoning below, the Court finds that the Motion should be granted.

A district court is provided wide discretion in deciding whether to stay discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). While the Federal Rules of Civil Procedure do not provide for an automatic stay when a potentially dipositive motion is pending, courts frequently stay discovery pending resolution of a motion to compel arbitration. Fed. R. Civ P. 34. A stay of discovery to resolve a pending motion to arbitrate is appropriate when the following can be satisfied: (1) the pending motion is potentially dispositive; (2) the motion to arbitrate can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the underlying motion and finds that "there is a reasonable possibility or probability that the district judge will compel arbitration." *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

The Court finds that a stay of discovery is appropriate because all the required elements have been met. First, the pending motion is potentially dispositive because this Court is most likely not the right forum for the parties to adjudicate their claims. Arbitration not only fundamentally alters the forum in which a dispute is decided, it also modifies the process of the underlying litigation. *Arik v. Meyers*, 2020 WL 515843, at *2 (D. Nev. Jan. 31, 2020). The discovery process during an arbitration proceeding is significantly narrower than in a forum like a federal district court. *Id.* Further, "potentially depriving a party of the ability to litigate in a court renders a motion to compel arbitration dispositive for purposes of determining whether to stay discovery." *Id.* The second element also favors staying discovery. In addressing the underlying Motion to Compel arbitration, the Court's main task is to determine whether a valid arbitration agreement exists between the parties. *See* 9 U.S.C. § 4; *see also Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). No discovery will be required for the Court to assess whether the underlying dispute belongs in arbitration. And lastly, the final element also militates a stay. A preliminary peek reveals that there is indeed an arbitration clause in the card agreement between Hiett and Citibank. (Doc. 17-3 at 14, Clause on Arbitration). There is also nothing in the record to support a finding that Hiett rejected the arbitration agreement. (*Id.* (declaring that a failure to reject the arbitration agreement is an acceptance of its terms)). Therefore, because all three elements to stay discovery pending the resolution of the Motion to Compel arbitration are met, the Court will grant Citibank's Motion.

Accordingly,

**IT IS ORDERED** that Citibank's Motion to Stay discovery (Doc. 20) is **granted.** Discovery is this matter shall be stayed pending resolution of Citibank's Motion to Compel Arbitration (Doc. 17).

Dated this 26th day of June, 2026.

Honorable Diane J. Humetewa
United States District Judge

- 2 -